FILED
SUPERIOR COURT
OF GUAM

2024 FEB 12 PM 5: 32

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RENERIO H RAMOS,<br><br>          Plaintiff,<br><br>vs.<br><br>PACIFIC DEVELOPMENT<br>CORPORATION,<br><br>          Defendant. | CIVIL CASE NO. CV0416-23<br><br><br>**DECISION AND ORDER**<br>Re: Motion to Dismiss |

This matter came before the Honorable Arthur R. Barcinas on November 14, 2023 for a hearing upon Defendant Pacific Development Corporation's ("PDC") Motion to Dismiss ("Motion"). PDC was represented by Attorney Rachel Taimanao-Ayuyu, and Plaintiff Renerio H. Ramos ("Plaintiff") was represented by Attorney Joseph C. Razzano. Upon consideration of the parties' arguments, the Court **DENIES** the Motion.

## BACKGROUND

PDC is a corporation organized under the laws of the Commonwealth of the Northern Mariana Islands ("CNMI"), but is owned and managed by Derrick Muna Quinata. On or about December 3, 2019, Plaintiff agreed to lend five hundred thousand dollars ($500,000.00) to PDC, with the intent to be repaid in the future upon demand. Compl., at ¶ 9 (July 13, 2023). Plaintiff alleges that he delivered said amount via personal check to Quinata in his office at the Guam Auto Spot location in Hagatna. *Id.* at ¶ 6. A copy of the $500,000.00 personal check allegedly issued to PDC was attached to Plaintiff's Complaint. Compl., Ex. A.

Plaintiff alleges that, on September 2021, Plaintiff informed PDC that repayment was necessary. *Id.*, at ¶ 10. According to Plaintiff, the parties agreed that PDC would be allowed to

repay Plaintiff in payments of $5,000.00 every month, beginning on October 1, 2021. *Id.*, at ¶ 11. Plaintiff alleges that PDC failed to pay according to this schedule, and that, on February 14, 2023, Plaintiff delivered a written demand to PDC for payment. *Id.*, at ¶¶ 13-14. Plaintiff alleges that PDC had not made any payment as of the time of the Complaint. *Id.* at ¶ 15.

On July 13, 2023, Plaintiff filed its Complaint, seeking relief for breach of contract and for money had and received. On August 10, 2023, PDC filed the Motion, citing Guam Rules of Civil Procedure ("GRCP") 12(b)(1),(2), and (6). On September 28, 2023, Plaintiff filed his opposition. On October 25, 2023, PDC filed its reply. On November 14, 2023, the Court heard arguments from both parties and took the matter under advisement.

**DISCUSSION**

**I.      Legal Standard**

Guam law allows that certain defenses to a claim for relief may be made by motion, including: "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, … [and] (6) failure to state a claim upon which relief can be granted." GRCP 12(b).

In considering GRCP 12(b)(2), Guam courts may exercise jurisdiction over non-resident defendants on any basis not inconsistent with the Organic Act of Guam or the Constitution of the United States. 7 GCA § 14109.

In ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

A loan of money is a contract by which one delivers a sum of money to another, and the latter agrees to return at a future time a sum equivalent to that which he borrowed. 18 GCA § 47101. All contracts may be oral, except such as are specially required by statute to be in writing. *Id.* § 86104. A contract is required to be in writing to be valid if, *inter alia*, it is "[a]n agreement that by its terms is not be performed within a year from the making thereof." *Id.* § 86106.

## II.    GRCP 12(b)(1)

PDC claims that it is bringing the Motion pursuant in part to GRCP 12(b)(1), which turns upon the issue of subject matter jurisdiction. However, upon the Court's review, PDC only makes an initial cursory mention to 12(b)(1) in the introduction to the Motion, and cites the legal standard for subject matter jurisdiction, but makes no actual argument as to how the Court is divested of subject matter jurisdiction in this instance. There being no actual argument in support of PDC's subject matter jurisdiction claim in the Motion, the Court will consider the subject matter jurisdiction portion of the claim waived.

## III.    GRCP 12(b)(2)

Regarding personal jurisdiction, PDC argues that, because it is incorporated in the CNMI, it is a foreign corporation that the Court "lacks jurisdiction over." Mot., at 4. "Our local courts exercise jurisdiction over foreign corporations under two scenarios: 1) the foreign corporation is authorized to transact business on Guam and does so, and (2) the foreign corporation is not authorized to transact business on Guam, but does so and a suit arises from such activities." *Id.* (citing 18 GCA §§ 7102, 7103(d)). Plaintiff argues that PDC cites to the wrong legal standard for personal jurisdiction, and that the correct standard is 7 GCA § 14109, which governs jurisdiction over nonresident defendants.

The Court agrees with Plaintiff that PDC has cited the wrong legal standard. 18 § 7103(d) states that a foreign corporation, "by transacting unauthorized business [, i.e., business conducted without a business license and a certificate of authority,] shall be deemed to consent to the jurisdiction of the courts of Guam in any civil action arising on Guam in which the corporation is named a party defendant." While § 7103(d) is one way for a foreign corporation to become subject to the Court's jurisdiction, it is not the only way, as PDC would argue. The Court instead finds that it may exercise jurisdiction over foreign corporations in the same manner as it would any other nonresident defendant pursuant to Guam's long-arm statute, 7 GCA § 14109, so long as the basis is not inconsistent with the U.S. Constitution. *See, e.g., PCI Comms., Inc., v. GST Pacwest Telecom Haw., Inc.,* 1999 Guam 17 ¶¶ 15-17.

The constitutional limitations on personal jurisdiction are governed by the Due Process Clause. *Id.*, at ¶ 17. The Due Process Clause requires that a defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Should those contacts exist, the Court may constitutionally acquire personal jurisdiction in two ways. First, it may exercise general jurisdiction where a defendant's activities on Guam are either "substantial," or "continuous and systematic," even if the cause of action is unrelated to the defendant's forum activities. *RSA-Tumon, LLC v. Pitt Cty. Mem. Hosp., Inc.*, 2023 Guam 8 ¶¶ 33-34. Second, the Court may alternatively exercise limited, or specific jurisdiction, where the defendant's contacts with the forum, though limited, are sufficiently related to the cause of action. *Id.* ¶ 35.

Guam's long-arm statute is taken directly from California Code of Civil Procedure ("CCP") § 410.10. *Id.* Therefore, the Court finds California courts' interpretation of the statute persuasive. The California Judicial Council has stated that, "[i]n the case of corporations and unincorporated associations, [the bases of judicial jurisdiction] currently include incorporation or organization in a state, consent, appointment of an agent, appearance, doing business in a state, doing an act in a state, causing an effect in a state by an act or omission elsewhere, ownership, use or possession of a thing in a state, and other relationships to a state." CCP § 410.10, Comment—Judicial Council,

> *a. The Court has specific jurisdiction over PDC.*

The Court finds that PDC's activities are neither definitively substantial nor continuous enough for the Court to exercise general jurisdiction over PDC. However, the Court does find that it has limited jurisdiction over PDC for the reasons below. The Guam Supreme Court has adopted a three-prong test to determine whether limited jurisdiction is appropriate: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim must be one

which arises out of or results from the defendant's forum-related activities, and; (3) exercise of jurisdiction must be reasonable. *Id.*

The first prong is satisfied "when a defendant 'takes deliberate actions within the forum state or creates continuing obligations to forum residents." *Mariano v. Surla,* 2010 Guam 2 ¶ 26.

PDC argues that it has no minimum contacts with Guam to confer general or specific jurisdiction to the Court. Repl., at 1. However, reading the Complaint in the light most favorable to Plaintiff, the allegations explicitly state that PDC transacted the loan in question; PDC effectively entered into the loan agreement on Guam, the check was delivered to PDC in Guam, and said check was deposited into a Guam bank, from which the funds were transferred to PDC. The Court finds that the acceptance of the loan and the subsequent transfer of funds are sufficient to constitute an act or acts by which PDC purposefully availed itself of the privilege of conducting activities in Guam, namely by taking deliberate actions within Guam and by creating a continuing obligation to Plaintiff. Further, the Guam Supreme Court has affirmed that the opening of a bank account, the withdrawal of funds from said account, and the acceptance of a check have constituted acts by which a nonresident party availed itself of that privilege. *Surla,* 2010 Guam 2 ¶ 26.

The Court further finds that the second prong is satisfied because Plaintiff's complaint arises out of or results from PDC's above activities, as both claims are predicated upon PDC's acceptance of the loan agreement. Finally, having determined that PDC purposefully established minimum contacts on Guam, said contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *PCI Comms.,* 1999 Guam 17 ¶ 31. The Court may generally assess: (1) the extent of PDC's interjection into Guam; (2) the burden on PDC; (3) the Guam courts' interest in adjudicating the dispute; (4) Plaintiff's interest in obtaining convenient and effective relief; (5) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and; (6) the shared interest of Guam and the NMI in furthering fundamental substantive social policies. *Id.,* ¶ 32. However, the Guam Supreme Court notes that these factors are not rigid parts of a mechanical test but should instead be weighed and balanced along with other relevant factors in accordance

with the facts and circumstances of the case. *Id.* Regarding the first factor, the extent of PDC's interjection into Guam, while PDC may not appear to conduct business on Guam, the Court finds that PDC did interject itself into Guam in seeking funds from a Guam resident and transacting said funds on Guam soil. Further, Quinata, despite owning and managing PDC, maintains an office at the Guam Auto Spot location in Hagatna. The Court may not infer too much without further discovery, but it stands to reason that, unless Quinata leaves island anytime he needs to manage PDC's affairs, at least some portion of his management of PDC takes place on Guam.

Regarding the second factor, again, the Court does not find that the burden on PDC in defending a suit on Guam would be substantial, given the minor distance between the jurisdictions, the fact that PDC has already secured Guam counsel, and the fact that, again, one of the owners and managers of PDC maintains an office on Guam.

As to the third factor, Guam's substantial interest in adjudicating the dispute, the Court finds that Guam is, as the Supreme Court said, "the logical forum in terms of judicial efficiency and convenience." *Id.* ¶ 36. Plaintiff is located on Guam, as are Quinata and all other entities involved in the loan transaction process after the agreement was made.

For the fourth factor, Plaintiff's interest in obtaining convenient and effective relief, the Court again invokes the wisdom of the Supreme Court, which held that when a case has already been initiated in the courts of Guam, and matters relative to the complaint have already been addressed under Guam law, the plaintiff's interest in obtaining convenient and effective relief is furthered by continuing the litigation in this forum. *Id.* ¶ 37. Similarly for the fifth factor, the judicial system's interest in obtaining the most efficient resolution of this controversy would be best served by maintaining the current forum, given the amount of administrative and ministerial work already in place. *Id.*

Regarding the final fact, "furthering fundamental substantive social policies," the Guam Supreme Court has held that, given the trappings of modern business and telecommunications, where "a substantial amount of business is transacted solely by mail and wire communications across state lines," "accountability … should not be made to turn upon archaic notions of physical

presence." *Id.* ¶ 38. Accordingly, the Court finds this factor also weighs in favor of asserting limited jurisdiction over PDC.

Taking all of the above factors into consideration, the Court finds that the assertion of limited jurisdiction in this instance is justified. Accordingly, the Court **DENIES** PDC's motion to dismiss under GRCP 12(b)(2).

**IV.     GRCP 12(b)(6)**

PDC further argues that Plaintiff's complaint is barred by the statute of frauds because the alleged oral agreement between the parties constituted a contract "that by its terms is not to be performed within a year from the making thereof," and therefore was allegedly required to be in writing to be valid. Mot., at 4-5. Because Plaintiff's complaint is allegedly barred, PDC argues that Plaintiff fails to state a claim for which relief can be granted.

In response, Plaintiff argues that an oral agreement existed between the parties, in which Plaintiff offered to loan PDC $500,000.00, PDC accepted the offer, and the $500,000.00 was given as consideration; and that the doctrines of full performance and estoppel specifically preclude the application of the statute of frauds to an oral loan agreement.

Pursuant to GRCP 12(b)(6), a defendant may move for dismissal of a complaint at the pleadings stage when the complaint fails to state a claim for which relief can be granted. The Court construes the pleading in the light most favorable to the non-moving party, and resolves all doubts in the non-moving party's favor. *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9.

Under Guam law, a valid contract requires an offer, acceptance, and consideration. *Unified Interest v. PacAir Properties, Inc.*, 2017 Guam 9 ¶ 30 (citing 18 GCA § 85102). An offer is a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it. *Id.* To create the power of acceptance, essential terms in the offer need only be reasonably certain. *Id.* Read in the light most favorable to Plaintiff, PDC entered into an oral contract with Plaintiff.

Pursuant to the statute of frauds, any contract may be oral unless, *inter alia*, it is "an agreement that by its terms is not to be performed within a year from the making thereof." 18 GCA §§ 86104, 86106(1). The Guam Supreme Court has held that the exact words of this

provision are to be interpreted literally and very narrowly, which means that, in order for § 86106(1) to apply, the agreement must explicitly state "at the very moment it is made, 'This agreement is not to be performed within one year'; in general, the cases indicate that there must not be the slightest possibility that it can be fully performed within one year.'" *Yoshida v. Guam Transport and Warehouse, Inc.*, 2013 Guam 5 ¶¶ 53-54. Following this logic, the Supreme Court found that the statute of frauds does not apply in any case where there are no exact terms of repayment that prohibit the repayment of the loan of money within one year. *Id.* Upon the Court's review of the pleading in the light most favorable to Plaintiff, there do not seem to be any terms that explicitly establish that the agreement was not to be performed within one year. Therefore, the Court finds that the provision of the statute of frauds cited by PDC does not apply to the oral contract, and that Plaintiff's complaint is not barred by the statute of frauds.

Accordingly, the Court **DENIES** PDC's motion under 12(b)(6).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** PDC's Motion to Dismiss.

**IT IS SO ORDERED** _____FEB 1 2 2024_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**